UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HEATH THOMAS CLYNE,<br><br>                Petitioner,<br><br>v.<br><br>T. CARLIN,<br><br>                Respondent. | Case No. 1:23-cv-00243-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Heath Thomas Clyne has filed a Petition for Writ of Habeas Corpus challenging his 2017 state court conviction for felony driving under the influence (DUI). Dkt. 3. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkts. 6, 7. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the following reasons, this case must be dismissed without prejudice for lack of jurisdiction.

### REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment that violates the

Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court must review each habeas corpus petition and may summarily dismiss the petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

A prisoner is permitted to file only one federal habeas corpus petition per conviction or sentence. 28 U.S.C. § 2244(a). Before a prisoner can file additional petitions challenging the same conviction and sentence, he must first obtain authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Without proper authorization from the court of appeals, a district court lacks jurisdiction to consider a second or successive habeas application. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (citations omitted).

**2.    Discussion**

Petitioner previously brought a habeas corpus action in federal court challenging the same 2017 conviction. In 2019, that petition was dismissed with prejudice for failure to prosecute and failure to comply with a court order. *See Clyne v. Page*, No. 1:18-cv-00023-REB, Dkt. 22 (D. Idaho Sept. 30, 2019) ("Case 23"). Petitioner brought a second habeas corpus action in federal court challenging the same conviction that was dismissed as a second or successive petition. *See Clyne v. Warden Valley*, No., 1:22-cv-00455-DCN, Dkt. 8 (D. Idaho Jan. 111, 2023) ("Case 455").

The Petition in this new matter challenges the same conviction as in the petition that was dismissed with prejudice in Case 23. A prior habeas case that was dismissed with prejudice on any ground qualifies as a case that bars future cases challenging the same conviction, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000), including those dismissed

with prejudice on procedural grounds, *see Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005).

Case 455 was an unauthorized second petition. The present case is also an unauthorized successive petition. The Court is without jurisdiction to adjudicate it, and, therefore, the Petition must be summarily dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.
2. The Clerk of Court shall provide Petitioner with a copy of the successive petitions authorization form to submit to the Ninth Circuit Court of Appeals.
3. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice.
4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: July 18, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge

INITIAL REVIEW ORDER - 3